```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
MARC L. UGOL
                                *
     Plaintiff,                 *
v.                              *    CIVIL NO.: WDQ-04-3398

NEMACOLIN WOODLANDS INC.,       *
D/B/A NEMACOLIN WOODLANDS
RESORT AND SPA                  *

     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In this diversity action, Marc L. Ugol has sued Nemacolin Woodlands Inc., d/b/a Nemacolin Woodlands Resort and Spa ("Nemacolin") for personal injuries he sustained in a snow tubing[1] accident. Pending is Nemacolin's motion to transfer venue. For the following reasons, Nemacolin's motion to transfer will be granted.

BACKGROUND

On February 16, 2004, Marc L. Ugol, a Maryland resident, was injured while snow tubing at Nemacolin, located in

---

[1] The sport of snow tubing involves sitting on a large inner tube and sliding down the relatively narrow confines of a snow-covered run or trail. *See* Def. Mot. at p. 2.

1

Farmington, Pennsylvania.  *See* Complaint at ¶¶ 1, 3 and 4. Ugol alleges that his injuries are due to Nemacolin's failure to properly design and maintain the snow tubing run.  *Id.* at ¶ 6.

On September 21, 2004, Ugol filed a complaint in the Circuit Court for Baltimore City and the case was subsequently removed to this Court.  At trial, Nemacolin intends to call several witnesses, the majority of whom live in or within 100 miles of the Western District of Pennsylvania. *See* Def. Rply. Ex. 2.  Nemacolin, therefore, maintains that the Western District of Pennsylvania is a more appropriate forum.

## ANALYSIS

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The burden is on the moving party to show that transfer to another forum is proper. *Lynch v. Vanderhoeff Builders*, 237 F.Supp. 2d 615, 617 (D. Md. 2002).  The decision whether to transfer is committed to the sound discretion of the Court. *Southern Ry. Co. v. Madden*, 235 F.2d 198, 207 (4th Cir. 1956).

To determine whether a motion to transfer should be granted, the Court must consider the following: (1) the weight

2

accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice. *Lynch*, 237 F.Supp. 2d at 617.  In considering these factors, transfer of this action seems appropriate.

(A)  Plaintiff's Choice of Venue

While a plaintiff's choice of forum is ordinarily accorded considerable weight, "the  plaintiff's choice of forum is given little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy." *Dicken v. U.S.*, 862 F.Supp. 91, 93 (D. Md. 1994) (*quoting Mims v. Proctor and Gamble Distributing Co.*, 257 F. Supp. 648, 657 (D.S.C. 1966)). As the alleged tortuous conduct did not occur in Maryland, Ugol's forum choice is entitled to only limited deference. *See id.*

(B) Witness Convenience and Access

A second factor supporting transfer is convenience and access of crucial witnesses to the Defendant's proposed forum. The majority of the crucial witnesses, with the exception of the Plaintiff, reside within the immediate or surrounding vicinity of the Western District of Pennsylvania.  Such witnesses include

3

Nemacolin employees and medical personnel. *See* Def. Rply. Ex. 2. The Nemacolin employees will testify regarding the run's design and maintenance and the rendering of first aid assistance after the Plaintiff's accident, and the medical personnel will testify about their immediate involvement with Plaintiff after his accident. *See id.*

The Plaintiff also contends that his witnesses would be inconvenienced by a transfer. These witnesses, however, include family members and friends who did not witness the accident. *See* Def. Mot. Ex. 1. The Plaintiff also plans to call as potential witnesses his physicians who rendered follow-up care. These physicians, however, are not as crucial as the other medical personnel located in the immediate or surrounding vicinity of the Western District of Pennsylvania. The Plaintiff's physicians only rendered follow-up care, not immediate medical attention. *See* Plain. Opp. Ex. 1. Additionally, such testimony could be presented at trial by means of a videotaped deposition taken in Maryland. *See Dicken*, 862 F.Supp. at 913. A greater number of crucial witnesses, therefore, would be convenienced by a transfer to Pennsylvania. Moreover, as a practical matter, this Court could not compel the appearance of the majority of the Defendant's witnesses because they do not reside within 100

4

miles of the Court. *See* F.R.C.P. 45(b)(2).

(C) Convenience of the Parties

The third element also favors transfer. As the Plaintiff has traveled to Pennsylvania on a previous occasion, it would not appear that he would be inconvenienced by a transfer. *See Dicken*, 862 F. Supp. at 93.

(D)  Interest of Justice

The final element includes, "the court's familiarity with applicable law". *Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1260 ( E.D.Va. 1988). As Pennsylvania law would be applied in this case, the public interest is advanced by having the Western District of Pennsylvania preside over this action. *See Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508-09 (1947) (noting public interest in having diversity cases tried in forum familiar with governing law).

### CONCLUSION

For the reasons discussed above, the defendant's motion to transfer venue will be granted.

<u>May 24, 2005</u>                     <u>        /s/        </u>
Date                          William D. Quarles, Jr.
                              United States District Judge

5